# 99 DTA 198

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO
## PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

LUIS E. RAMOS MERCED
Imputado

LIC. BENITO GUTIERREZ DIAZ
Peticionario

Núm. KLCE-99-00392

San Juan, Puerto Rico, a 8 de junio de 1999

Panel integrado por su Presidente, Juez señor Miranda de Hostos,
y los Jueces señor Rivera Pérez y señor Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La interrogante en el presente recurso se circunscribe a determinar si procede la designación del licenciado Benito Gutiérrez Díaz como abogado de oficio en un caso criminal, realizada a través de sorteo por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo en Luquillo.

I

El 26 de octubre de 1998 se celebró en el Tribunal de Primera Instancia de la Región Judicial de Fajardo, el sorteo para la designación de abogados de oficio en los procedimientos de naturaleza penal. Para la celebración de dicho sorteo, el Tribunal de Primera Instancia preparó una lista compuesta por veintiún abogados. ■ Posteriormente, la referida lista fue enmendada para incluir a los abogados que se dedicaban a la práctica civil, conforme a lo establecido en la Orden Administrativa Enmendada emitida el 31 de marzo de 1999 por la Jueza Administradora de la Región Judicial de Fajardo. ■ Ello, como consecuencia de que los abogados enumerados en la lista original para el sorteo se quejaron, porque en la misma no se incluyó a los abogados que se dedican a la práctica civil.

Así las cosas, el 14 de abril de 1999 se designó a los licenciados Benito Gutiérrez Díaz y Sandra Peña abogados de oficio del señor Luis E. Ramos Merced, acusado de asesinato en primer grado y conspiración, entre otros delitos. ■ El 26 de abril de 1999, el licenciado Benito Gutiérrez Díaz presentó ante el Tribunal de Circuito

de Apelaciones un escrito denominado *"Petición"*, aduciendo que la enmienda a la lista original para el sorteo se realizó sin seguir los procedimientos establecidos en el *"Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal"*, porque no se contó con la participación del Presidente de la Delegación del Colegio de Abogados. En su escrito, el licenciado Gutiérrez Díaz señaló que fue reactivado a la práctica legal el 30 de junio de 1998 y no ha litigado un caso criminal desde el año 1978, por lo que no se encuentra preparado profesionalmente para litigar un caso criminal complejo, como el que se le ha asignado.

El 12 de mayo de 1999 intimamos a la Oficina del Procurador General a expresarse sobre lo solicitado en el presente recurso. El 25 de mayo de 1999 compareció ante nos el Procurador General y nos informó que la orden administrativa enmendada el 31 de marzo de 1999 incumplió con las disposiciones de la Regla 9 del *"Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal"*, ya que colocó los nombres de los nuevos abogados al principio de la lista preparada originalmente el 26 de octubre de 1999. Arguye el Procurador General que la Regla 9, *supra*, claramente dispone que dichos nombres se *"...colocarán al final de la lista en el orden sugerido por la Delegación del Colegio de Abogados"*. Aduce el Procurador General que tal asunto cobra vital importancia si atendemos el texto de la Regla 8 de dicho cuerpo cuando dispone que *"...[l]a asignación de abogados y abogadas de oficio deberá hacerse en el orden estricto de la lista, y el Juez o la jueza no podrá nombrar a un abogado o una abogada fuera del orden establecido"*. Nos expresa que de haberse colocado en la lista correctamente los nombres de los nuevos abogados, la designación de abogado de oficio en el caso de autos no hubiera recaído en el peticionario, licenciado Gutiérrez Díaz. Entiende que la designación de abogado de oficio en cuestión se realizó al margen de las disposiciones reglamentarias aplicables.

La parte peticionaria señala como errores cometidos por el Tribunal de Primera Instancia los siguientes:

*"Erró el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, al ordenar la asignación de abogado de oficio en el caso Pueblo v. Luis E. Ramos Merced a Benito Gutiérrez Díaz sin considerar el listado de abogados preparados para estos asuntos.*

*El Peticionario BENITO GUTIERREZ DIAZ, no se encuentra anímica y profesionalmente preparado para brindar la "defensa adecuada y eficiente" que requiere la comunidad legal en que se desarrolla."*

## II

En nuestra jurisdicción se ha reglamentado por el Tribunal Supremo que luego de que el Juez que preside el procedimiento judicial haga la determinación de indigencia de la persona imputada de delito, le asignará un abogado de oficio, cuyo nombre esté en turno en la lista oficial de designados. ■

La preparación de la lista de abogados de oficio se hará mediante sorteo y, una vez preparada, la asignación deberá hacerse en orden estricto de la misma, excepto que: el abogado designado no pueda atender el procedimiento por su complejidad particular o conocimiento especializado necesario; por problemas o conflictos en señalamientos con otros casos; por reparos del abogado para representar a la persona; o por la oposición de la persona imputada a estar representada por el abogado designado. ■

De otra parte, la Regla 9, *supra*, dispone que dicha lista puede ser modificada a petición de la Delegación del Colegio de Abogados de la Región Judicial, a los fines de incluir o excluir nombres de abogados o abogadas para ser asignados de oficio.

## III

Cónsono a tales normas jurídicas, analicemos los hechos ante nuestra consideración.

Surge del expediente que se asignó de oficio al abogado peticionario el 14 de abril de 1999, pero su nombre no aparecía en la lista del 26 de octubre de 1998, según aprobada por la Jueza Administradora Regional. No obstante, la Orden Enmendada Núm. 99-1 de 31 de marzo de 1999, donde se incluyeron todos los abogados y abogadas de la Región Judicial de Fajardo, e inclusive al peticionario, para asignarle casos penales de oficio, fue emitida a solicitud de la Delegación del Colegio de Abogados de Fajardo.

Concluimos que el primer error señalado no fue cometido.

No surge de nuestro expediente que el aquí peticionario haya cumplido con el trámite dispuesto en la Regla 22 del cuerpo reglamentario en cuestión. No estamos en posición de considerar el otro asunto señalado como error, pues por tal motivo no colocó al Tribunal de Primera Instancia en posición de resolverlo en primera instancia.

## IV

Concluimos que la designación del licenciado Benito Gutiérrez Díaz, como abogado de oficio en la causa criminal de epígrafe, se realizó al margen de la Regla 9, *supra*. Veamos.

Al comienzo de cada año fiscal, el Presidente de la Delegación del Colegio de Abogados someterá al Juez Administrador o a la Jueza Administradora los nombres de nuevos abogados o abogadas que cualifiquen para actuar como abogados o abogadas de oficio en su región y de los abogados o abogadas de oficio de otras regiones que se hayan integrado a su región judicial. Estos se colocarán al final de la lista en el orden sugerido por la Delegación del Colegio de Abogados.

La Orden Administrativa Enmendada del 31 de marzo de 1999 colocó los nombres de los nuevos abogados al principio de la lista preparada el 26 de octubre de 1998. Por mandato expreso y específico de la citada regla tenían que colocarse tales nombres al final de la lista.

## V

Por todo lo antes expuesto, se expide el auto solicitado y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 198

**1.** Apéndice III, pág. 3, del escrito de *certiorari*

**2.** Apéndice IV, pág. 6, *Ibid.*

**3.** Apéndice I, pág. 1, *Ibid.* El Tribunal de Primera instancia emitió una resolución señalando que debido a que existía un conflicto de interés con la Sociedad Para Asistencia Legal y siendo el acusado Luis E. Ramos Merced indigente se le asignaría un abogado de oficio para que lo representara en todas las etapas del procedimiento criminal en su contra. Apéndice II, pág. 2, *Ibid.*

4. Regla 22 del Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal, **98 J.T.S. 91**

5. Regla 8, 22 y 23 del Reglamento, *supra*.